IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **MICKEY DAWN WADE,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:21-cv-00001-O-BP |
| | § | |
| **WICHITA COUNTY, TEXAS,** | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner filed a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 on January 8, 2021. ECF No. 3. Also on that date, Petitioner filed an Application to Proceed *In Forma Pauperis*. ECF No. 4.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court should consider the amount of money available to an inmate in his prison trust account or from other sources. *See Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

Petitioner's Application to Proceed *In Forma Pauperis* stated that he has received no money in the past twelve months from any sources and he has no funds in prison accounts. ECF No. 4. However, Petitioner has submitted a certified copy of his inmate trust account statement which shows that, as of December 30, 2020, he had $78.69 on deposit with prison officials. ECF

No. 4 at 3. His account's average balance over the past six months was $600.77 per month as he received a deposit of $1,200.00 on July 8, 2020. *Id.* The filing fee for a case seeking relief under 28 U.S.C. § 2241 is $5.00. 28 U.S.C. § 1914(a). Although Petitioner states that he owes court costs of at least $5,000, he does not provide any explanation or facts to explain this statement. The Court therefore concludes that Petitioner is able to pay this fee without causing undue financial hardship. *See* N.D. Tex. Misc. Order No. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (allowing Magistrates Judges to grant leave to proceed *in forma pauperis* when seeking relief under 28 U.S.C. § 2241 "if the average six month balance of the person's inmate trust account and other financial resources are less than Fifty Dollars").

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Petitioner's Application to Proceed *In Forma Pauperis*. ECF No. 4. Furthermore, the undersigned **RECOMMENDS** that Petitioner be ordered to pay the $5.00 filing fee within twenty-one days of any order accepting this recommendation or some other reasonable time to be established by the Court, and, if he fails to do so, the Court should dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** January 11, 2021.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE