IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **MICKY DAWN WADE,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:21-cv-00001-O-BP |
| § | |
| **WICHITA COUNTY, TEXAS,** § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Micky Dawn Wade ("Wade") pursuant to 28 U.S.C. § 2241 on January 8, 2021. ECF No. 3. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus for failure to exhaust state remedies.

**I.     Background**

Wade is detained in the Wichita County Jail in Wichita Falls, Texas on state criminal charges and brings this action pursuant to 28 U.S.C. § 2241. ECF No. 3. He claims that he is awaiting trial in the 89th Judicial District Court in cause nos. 59736-C (compelling prostitution), 59642-C (five counts of sexual assault of a minor), and 59641-C (failure to register). *Id.* at 2. Wade challenges the indictments, claims that the state trial court has failed to provide him a speedy trial, and objects to excessive and oppressive bail, denial of his right to be heard, a court appointed counsel's conflict of interest, and the Texas Governor's Executive Order and the Texas Supreme Court Emergency Order regarding COVID-19 social restrictions. *Id.* at 6-7. He seeks dismissal of the indictments and release from detention. *Id.* at 8.

Wade has previously filed a similar habeas corpus petition in this Court that was dismissed without prejudice for failing to exhaust his state remedies. *See Wade v. Wichita County, Texas*, No. 7:19-cv-070-O-BP (N.D. Tex. Sept. 2, 2020). In addition to filing his previous habeas petition, Wade states that he has filed several pre-trial motions in the state court, an appeal in the Second Court of Appeals that was dismissed for want of jurisdiction, and an appeal to the Court of Criminal Appeals that was denied and refused. *Id.* at 3. Additionally, Wade attached several documents to his petition that pertain to a civil matter concerning child custody that is pending in the 78th District Court of Wichita County, Texas, case no. DC78-cv2020-1430. ECF No. 3-1. Though the relevance of these attachments is unclear, based on liberal reading of the underlined portions of these documents, it appears that Wade is claiming that he cannot receive custody of his daughter until the resolution of his current criminal charges.

## II.   Legal Standards and Analysis

Pursuant to 28 U.S.C. § 2241, a pretrial detainee may file a writ of habeas corpus only if he is in custody and has fully exhausted his state remedies. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Wade is in custody for purposes of § 2241 as he remains incarcerated in the Wichita County Jail awaiting trial on state charges.

However, Wade must fully exhaust state remedies before seeking federal habeas relief. *Id.* Federal courts should not exercise jurisdiction over a claim if the issues presented may be decided by a trial on the merits or by other state procedures currently available to the petitioner. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). To exhaust state remedies, a petitioner such as Wade normally must appeal to the highest court of the state where he is detained and present his claims of deprivation of federal constitutional rights to that court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In

Texas, a petitioner for federal habeas relief must first present his claims to the Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A petitioner may be excused from the exhaustion requirement only under extraordinary circumstances, and these exceptions are narrowly applied. *Fuller v. Rich*, 11 F.3d. 61, 62 (5th Cir. 1994) (per curiam).

Additionally in cases where the petitioner claims he has not received a speedy trial, there is

> an important distinction between a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (internal quotation marks and citations omitted).

Here, Wade does not ask the Court to order the State of Texas or the state court to promptly proceed with his trial. Instead, Wade asks the Court to order dismissal of his charges. In so doing, Wade seeks to forgo the state prosecution process altogether, not enforcement of the State's obligation to provide him with a state court forum. *Braden*, 410 U.S. 484 (1973). Since Wade instead seeks to disrupt the orderly functioning of state judicial processes or to otherwise derail or abort his pending state-court proceeding, pre-trial habeas corpus in this Court is an inappropriate vehicle in which to consider the merits of his claims.

Furthermore, even if Wade were only seeking to enforce the state's obligation to bring him to trial promptly, Wade has not exhausted his claims nor shown any "special circumstances," as

the Court previously held. Wade has not exhausted his state remedies as he has yet to have a trial and therefore has not completed one round of the Texas appellate review process. Moreover, he has not identified any "special circumstances" that would warrant the Court's intrusion in the state court criminal proceedings at this time. Wade's constitutional right to a speedy trial or his civil case regarding child custody do not qualify as "per se 'special circumstance' which would obviate the exhaustion requirement." *Easterly*, 30 F.3d at 1491; *Dickerson*, 816 F.3d at 277 (declining to find that the "sixth amendment right to a speedy trial is a per se 'special circumstance' because to do so would eliminate the careful distinction … between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial.").

Moreover, Wade can present his claims to the state trial court and, if necessary, seek relief thereafter to the state appellate courts. Even if the Court assumed the Texas Court of Criminal Appeals' refusal of his petition for habeas corpus exhausted his claims, the Court still should abstain from considering his petition here. Federal courts should abstain "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225. A habeas corpus remedy remains available to Wade "after the conclusion of the state proceedings against him, if he is in custody pursuant to conviction and has exhausted his state remedies." *See id.* at n.16.

"'Federal habeas corpus should not be used as a 'pretrial motion forum for state prisoners.'" *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (quoting *Braden*, 410 U.S. at 508). Therefore, while federal habeas relief may be available prior to trial or conviction if "special circumstances" exist, Wade's filings do not reveal any special circumstances. Thus, Wade must fully exhaust his available state remedies before filing a federal habeas petition. *See* 28 U.S.C. § 2241(c). He did

not do so as he has not been tried in the state court. Additionally, he has not shown that state corrective processes are unavailable or that circumstances render such processes ineffective to protect his rights. *See Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). As a result, Wade must present his claims to the state courts before proceeding in federal court.

Accordingly, because Wade has failed to exhaust his state remedies, his § 2241 petition must be dismissed. *See Anderson v. Anderson*, No. 4:14-CV-336-O, 2014 WL 3500151 (N.D. Tex. Jul. 15, 2014). Dismissal should be without prejudice so that Wade may pursue federal habeas relief after the conclusion of his state court prosecution if he so chooses. *Id.* at *2.

### III.   Conclusion

Because Wade has not exhausted his state court remedies nor shown why he should be excused from doing so, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 3) for failure to exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 25, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

6