IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **MICKY DAWN WADE,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:21-cv-001-O-BP |
| | § | |
| **WICHITA COUNTY TEXAS,** | § | |
| | § | |
| Respondent. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is a habeas action brought pursuant to 28 U.S.C. § 2241 in which Petitioner challenges three state court indictments, claims that the state trial court has failed to provide a speedy trial, objects to excessive and oppressive bail, complains of the denial of his right to be heard *pro se*, alleges a conflict of interest on the part of court appointed counsel, and complains that the Texas Governor's Executive Order and the Texas Supreme Court Emergency Order regarding COVID-19 social restrictions have delayed the trial of his cases. The United States Magistrate Judge entered his Findings, Conclusions, and Recommendation in which he recommends that the petition be dismissed without prejudice for failure to exhaust state remedies. ECF No. 12. Petitioner has filed objections. ECF No. 13.

The District Court reviewed de novo those portions of the Findings, Conclusions, and Recommendation to which objections were made and reviewed the remaining Findings, Conclusions, and Recommendation for plain error. Finding no error, I am of the opinion that the findings of fact, conclusions of law, and reasons for denial set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as the Findings of the Court.

Additionally, the Court finds as follows:

In his objections, Wade argues that he appealed his complaints to the Second Court of Appeals and then sought discretionary review on each of his appeals. *See* ECF No. 13 at 2. In each of his three appeals, Wade argued that the trial court "decline[d] to consider the merits of any of Defendant's pro se filings or to take any action with respect to them." *Wade v. State*, Nos. 02-20-125-CR, 02-20-125-CR, 02-20-125-CR (Tex. Civ. App. — Ft. Worth, Oct. 1, 2020). Wade was offered the opportunity to provide argument showing that the appellate court had jurisdiction. *See* Exhibit A (attached hereto). Ultimately, the appeals were dismissed for lack of jurisdiction. *Id.* His Petitions for Discretionary Review were refused by the Texas Court of Criminal Appeals. *See In re: Micky "Don" Wade*, Nos. PD-1041-20, PD-1042-20, PD-1043-20 (Tex. Crim. App., Oct. 30, 2020).

The Court finds that Wade has not exhausted available state remedies on his speedy trial claim. He has not filed a petition for writ of mandamus in the Texas Court of Criminal Appeals seeking to enforce his speedy trial right. *See Chapman v. Evans*, 744 S.W.2d 133, 135–138 (Tex. Crim. App. 1988) (conditionally granting a mandamus petition seeking to compel a district court to set for trial or dismiss a pending indictment); *Thomas v. Stevenson*, 561 S.W.2d 845, 846–47 (Tex. Crim. App. 1978) (conditionally granting a mandamus petition seeking to compel a district court to set a case for trial). Nothing in the record demonstrates that Wade has pursued a petition for a writ of mandamus in the Court of Criminal Appeals on his speedy trial claim. *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus). Texas has adequate and effective state procedures for obtaining a speedy trial. In the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Wade's speedy trial claim, it must be dismissed for failure to exhaust state

remedies. *See McGhee v. Texas*, No. CV H-14-1538, 2014 WL 12673708 at *1 (S.D. Tex. July 30, 2014).

With regard to his remaining habeas claims, Wade, as a pretrial detainee confined after a felony indictment, may file an application for writ of habeas corpus with the judge of the court in which he is indicted. Tex. Code Crim. Proc. § 11.08. If the trial court denies habeas relief, Wade's remedy is to take a direct appeal to an intermediate appellate court and, if unsuccessful, file a petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)). Nothing in the record reflects that Wade has filed an application for state habeas relief. Because Wade has adequate and effective state procedures for obtaining the relief he seeks and because he has not exhausted all available state remedies, Wade's § 2241 habeas action is subject to dismissal. *See Johnson v. Abbott*, No. 1:20-cv-600-RP-ML, 2020 WL 7364999 at *3 (W.D. Tex. Oct. 30, 2020), *rec. adopted sub nom.*, *Johnson v. Hernandez*, 2020 WL 7353377 (W.D. Tex. Dec. 14, 2020) (dismissing excessive bail claim for failure to first seek state habeas relief); *Parks v. Hubbard*, No. 1:15-cv-294-LG-RHW, 2015 WL 5640187 at *3 (S.D. Miss. Sept. 24, 2015) (holding it was not necessary to determine whether to intervene in the state court bail matter "because it was clear that the petitioner had not exhausted state remedies").

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state court remedies.

**SO ORDERED** this **10th day** of **March, 2021**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

# Exhibit A



# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00125-CR
No. 02-20-00126-CR
No. 02-20-00127-CR

_____

MICKY DON WADE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court Nos. 59,736-C; 59,641-C; 59,642-C*1-5

---

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Micky Don Wade, proceeding pro se, filed a notice of appeal in each of these cases attempting to challenge the trial court's September 1, 2020 interlocutory order, in which the trial court "decline[d] to consider the merits of any of Defendant's pro se filings or to take any action with respect to them."  Generally, we have jurisdiction to consider an appeal by a criminal defendant only where there has been a final judgment of conviction.  *See Bridle v. State*, 16 S.W.3d 906, 907 (Tex. App.—Fort Worth 2000, no pet.) (per curiam); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam).  Accordingly, we sent Wade a letter expressing our concern that we do not have jurisdiction over these appeals because the trial court has not entered any appealable orders.  We informed Wade that unless he or any other party desiring to continue the appeals filed a response showing grounds for continuing the appeals, we would dismiss them.  *See* Tex. R. App. P. 25.2(d), 44.3.  Although Wade filed a response, it does not show grounds for continuing these appeals.  We therefore dismiss these appeals for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 1, 2020

2